UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Byron Rogers, on behalf of himself and all other similarly situated consumers § § § | | |
| *Plaintiff,* § | | |
| v. § | Civil Action No. 5:17-cv-00276-OLG | |
| § § § | | |
| Convergent Outsourcing, Inc. § § | | |
| *Defendant.* § | | |

**DEFENDANT CONVERGENT OUTSOURCING, INC.'S
MOTION TO STAY PROCEEDINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Convergent Outsourcing, Inc. ("Defendant"), through it counsel, files its Motion to Stay Proceedings pending class certification of a national class in *Ross v. Convergent Outsourcing, Inc., et al*, Case No: 1:16-cv-00825-PAB-KLM, in the United States District Court for the District of Colorado, and to respectfully show unto the Court as follows:

**I.
ARGUMENTS AND AUTHORITIES**

1. A stay here would be a proper exercise of the Court's discretion as the pending *Ross* case in Colorado should resolve the claims of any and all putative class members and reduce the litigation costs for all parties. *Ross* seeks a national class which would absorb all putative class members located in Texas for which the case at hand seeks to represent within its class definition. *See* Exhibit A (Complaint in *Ross*). Further, the Ross matter now has been settled pending court approval of the settlement and certification of the class.

2. Stays have been granted in two other cases that address the same liability issues and along the same lines as this motion to stay. *See Alexander v. Convergent Outsourcing, Inc.*, Cause No.

16-3318 (S.D. Tex. Nov. 9, 2016), Docket Entry # 32; *Estrella v. Convergent Outsourcing, Inc.*, Docket No. 3:17-cv-00117 (D. Or. Jan 24, 2017), Docket Entry # 9. Courtesy copies of each opinion are attached to this motion.

### A. Standard of law.

3. A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Coker v. Select Energy Servs., LLC*, 161 F. Supp.3d 492, 495 (S.D. Tex. 2015) (citing *Trahan v. BP*, CIV.A. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010)). Further, the *Ross* matter now has been settled pending Court approval in the settlement and certification of the class.

### B. There will be no prejudice to Plaintiff in granting this stay.

4. This present action is currently at the earliest stages of proceedings, and there has not been any substantial work performed in this case yet. There have not been any pleadings filed other than the complaint, and discovery has not yet been conducted. In comparison, in the *Ross* case discovery has been concluded and it is approaching class certification and court approval of the settlement. Resolution of the *Ross* case would likely subsume this present action. The parties would not be prejudiced as costs would be reduced and the Plaintiffs would be entitled to the same or similar recovery in the *Ross* case as this one. The parties would also be able to obtain recovery sooner rather than later as *Ross* is substantially further in litigation nearing the end of discovery and approaching class certification

5. Because of the early stage of this current action and the likely resolution that would result from conclusion of the Ross matter, there will not be any prejudice to Plaintiff in granting this stay.

### C. There will be prejudice and hardship to Defendant in denying this stay.

6. Having this action, the *Ross* action, and even other similar actions across the country commencing at the same time as class action litigation with class discovery, certification, and any motions arising therefrom would exponentially increase costs for Defendant and Plaintiff, as well as offending the notion of judicial economy. Staying this case pending resolution of the *Ross* case will also reduce the chances of Defendant facing different or duplicative judgments in different courts on the same liability issue. In the interest of judicial efficiency and to thwart hardships to all parties, Defendant respectfully requests this Court stay these proceedings pending class certification in *Ross*.

### D. Judicial efficiency will be advanced by granting the stay.

7. Judicial efficiency will be advanced by granting the stay. First, the legal matters to be addressed in the instant matter are identical to the issues in Ross. Both cases address whether the use of the term "settlement offer" by a debt collector on a time barred debt is a violation of § 1692e for being false, misleading, or deceptive as the least sophisticated consumer could read the letter to suggest that the debt was enforceable through judicial means when this was not true. And both cases address whether stating "settlement offer" by a debt collector on a time barred debt is a violation of § 1692f for being unconscionable as the least sophisticated consumer would, for fear of a lawsuit which could not occur, make a partial payment that would revive the statute of limitations period on the entire amount owed.

8. Second, the proposed class in this case is likely to be subsumed by the class to be certified in the *Ross* case. There is a potential of class members being included in more than one class. Waiting until the *Ross* case is concluded is the most efficient means of avoiding this situation.

9. Third, the *Ross* case will be the quickest manner in which many of the class members will recovery for any damages they are entitled to, as it is significantly further along than this present litigation. For these reasons and in the advance of judicial economy, this Court should stay these proceedings pending class certification in *Ross*.

## II.
## CONCLUSION

10. Defendant requests that this Court stay the proceedings in this matter pending the class certification in *Ross*. There will be no prejudice to Plaintiff in the Court granting the stay of these proceedings. On the other hand, forcing Defendant to prosecute this case at the same time will be prejudicial to Defendant, and could lead to conflicting results as it is likely most if not all of the class in this case will be subsumed by the class in *Ross*. Judicial economy and fairness to both parties is best advanced through granting the stay of proceedings. For these reasons, Defendant respectfully requests that this Court grant its Motion to Stay Proceedings pending the class certification in Ross.

WHEREFORE, PREMISES CONSIDERED, Defendant Convergent Outsourcing, Inc. respectfully requests that this Court grant it's Motion to Stay Proceedings, and stay this case pending resolution of the class certification in *Ross v. Convergent Outsourcing, Inc., et al*, Case No: 1:16-cv-00825-PAB-KLM, in the United States District Court for the District of Colorado.

[SIGNATURE BLOCK ON SUBSEQUENT PAGE]

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT
CONVERGENT OUTSOURCING, INC.***

## CERTIFICATE OF CONFERENCE

I spoke with Plaintiff's counsel regarding the Motion to Stay. I have exchanged emails with Plaintiff's counsel regarding the motion in response to specific email. Plaintiff's counsel responded "I will have to think about that." Defendant's counsel reached out again and Plaintiff's counsel did not respond. Defendant's counsel believes the motion is opposed.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded **via CM/ECF** on this 18th day of May, 2017 to:

Daniel Zemel
*Zemel Law LLC*
70 Clinton Ave., Suite 3
Newark, NJ 07114
P: 862-227-3106 | F: 862-204-5901
dz@zemellawllc.com

　　　　　　　　　　　　　　　　*/s/* Robbie Malone
　　　　　　　　　　　　　　　　ROBBIE MALONE